# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,               )
                                 )
                                 )
      v.                      )        I.D. No.    2201007430
                                 )
                                 )
WILLIAM DOUTY,                   )
                                 )
      Defendant.              )

## <u>ORDER</u>

Submitted:  August 11, 2023
Decided:  August 28, 2023

*Upon Consideration of the Commissioner's Report and Recommendation that Defendant's Motion for Postconviction Relief Should be Denied,*
**ADOPTED**.

Jenna R. Milecki, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State*.

William J. Douty, Howard R. Young Correctional Institution, Wilmington, DE *pro se.*

**MEDINILLA, J.**[1]

---

[1] Due to the elevation of Hon. Abigail M. LeGrow to the Supreme Court of Delaware, this matter was reassigned to this Court for the limited purposes of this Rule 61 motion.

**AND NOW TO WIT**, this 28th day of August, 2023, upon consideration of William Douty's ("Defendant") Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this matter, it appears to the Court that:

1. Defendant was arrested and charged with Assault Second degree for an incident that occurred on January 20, 2022, against his wife. The incident was captured on surveillance video and observed by eyewitnesses, where Defendant and his wife were arguing and when she got out of the vehicle to walk away from the vehicle, Defendant sped up and struck her with the car.[2] Then he stopped the car, picked her up, and drove way.[3] Victim wife suffered broken bones to her face and thumb, sever lacerations to her face, contusions, and possible ligament damage to her knee.[4]

2. On April 14, 2022, in a pre-indictment plea, Defendant pled guilty to Assault Second Degree.[5] In the plea agreement, the parties agreed to an "open" sentencing.[6] After a presentence investigation was completed, the Court sentenced Defendant to eight years at Level V, suspended after 18 months for 9 months of Level IV DOC Discretion, followed by one year of Level III probation. The Court also imposed several conditions on Defendant's sentence, including completion of

---

[2] July 15, 2022 Sentencing Transcript, at 4-6, 18-19.
[3] *Id.*
[4] July 15, 2022 Sentencing Transcript, at 5-6.
[5] D.I. 5.
[6] *Id.*

domestic violence counseling and treatment.[7] Of note was that Defendant was previously convicted of Reckless Endangering Second Degree because of a prior similar offence where he attempted to strike a former girlfriend with his vehicle.[8]

3.      Defendant did not file a direct appeal.

4.      He did file monthly applications. In January of 2023, Defendant filed a timely motion under Rule 35 to reduce/modify his sentence, requesting Level IV Home Confinement.[9] The Court denied that motion.[10] On June 8, 2023, Defendant, again, submitted a request to modify his Level IV sentence claiming that DOC's work release program is structured such that the work pays off fines and earns recommendations, in lieu of money.[11] And stated he prefers money.[12] That Rule 35 request was summarily dismissed as repetitive.[13]

5.      As to this filing, Defendant filed his *pro se* Motion for Postconviction Relief under Superior Court Criminal Rule 61 asserting claims of ineffective

---

[7] D.I. 7.
[8] July 15, 2022 Sentencing Transcript, at 4-5.
[9] D.I. 8.
[10] D.I. 11.
[11] D.I. 17, at *2.
[12] *Id.*
[13] D.I. 29.

assistance of counsel, coercion, and actual innocence.[14] And he filed a Motion for Appointment of Counsel.[15]

6. The Court referred Defendant's motions to Superior Court Commissioner Lynne M. Parker for proposed findings of fact and conclusions of law pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62(a)(5).[16]

7. On April 18, 2023, the Commissioner denied Rule 61 Counsel and set a briefing schedule for trial counsel to file an affidavit and for the Department of Justice to file its legal memorandum in response to the Rule 61 Motion.[17]

8. On August 11, 2023, the Commissioner issued a Report, recommending that this Court deny Defendant's Motion for Postconviction Relief.[18] In so doing, the report addresses Defendant's three claims and determined that Defendant's plea documents and colloquy established that the plea was not coerced, and that Defendant failed to establish ineffective assistance of counsel or actual innocence claims.[19]

---

[14] *See* Motion for Postconviction Relief Filed, *State of Delaware v. William J. Douty*, Crim. ID No. 2201007430, D.I. 13 (Del. Super. Ct. March 6, 2023).
[15] *See* Motion for Appointment of Counsel, *of Delaware v. William J. Douty*, Crim. ID No. 2201007430, D.I. 14 (Del. Super. Ct. March 6, 2023).
[16] *See* 10 *Del. C.* § 512(b)(1)(b); DEL. SUPER. CT. CRIM. R. 62(a)(5) (Under Delaware Superior Court Rule 62(a)(5), the Court may refer to a Superior Court Commissioner case-dispositive motions, including postconviction relief motions, and the Commissioner must submit "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter.").
[17] D.I. 19.
[18] Commissioner's Report and Recommendations and Order, *State of Delaware v. William J. Douty*, Crim. ID No. 2201007430, D.I. 30 (Del. Super. Ct. August 11, 2023).
[19] *Id.*

9.      After the Commissioner issues a report, "any party may serve and file written objections" to the report within ten days.[20]  A party failing to comply with this ten-day limit for appeal may foreclose that party's ability to object to the Commissioner's report.[21]

10.     Defendant did not appeal the Commissioner's Report.  Accordingly, the Court "may accept, reject or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner."[22]

11.     After undergoing a careful review of Defendant's Motion for Postconviction Relief, the Commissioner's Report, and the record, the Court **ADOPTS** *in toto* the findings of fact and recommendations in the Commissioner's Report.  As such Defendant's Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:     Prothonotary
cc:     Department of Justice
        Investigative Services
        Defendant

---

[20] DEL. SUPER. CT. CRIM. R. 62(a)(5)(ii).
[21] *Id.* 62(b).
[22] *Id.* 62(a)(5)(ii).